**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | |
|---|---|
| **JAMES DENNIS PRICE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:12-0646** |
| ) | |
| **KAREN HOGSTEN, Warden,** ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On March 23, 2012, Petitioner, an inmate formerly incarcerated at FCI McDowell, Welch, West Virginia,[1] and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleges that the

---

[1] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI McDowell, located in Welch, West Virginia. FCI McDowell lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Gilmer, which is located in the Northern District of West Virginia. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to prison outside this District.

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Federal Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## PROCEDURE AND FACTS

The Ohio Department of Corrections Parole Board declared Petitioner a parole violator at large on January 30, 1998. (Document No. 10-2, p. 3.) Petitioner was arrested by Ohio State authorities on February 4, 1998. (Id., p. 8.) On February 25, 1998, Petitioner's State parole was revoked and Petitioner was sentenced to the remainder of his original 15-year term for Robbery. (Id.) Petitioner was transferred to a state correctional facility on February 26, 1998, to serve his parole violation term. (Id.) On July 22, 1998, Petitioner was borrowed pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum from the State of Ohio. (Id., pp. 10 - 11.) On August 13, 1998, Petitioner was returned to State authorities via return writ. (Id., p. 11.) On August 9, 1999, Petitioner was again borrowed pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum from the State authorities. (Id.) On March 22, 2000, Petitioner was sentenced in the United States District Court for the Eastern District of Michigan to a 170-month term of imprisonment for Bank Robbery. (Id., pp. 13 - 19.) On April 14, 2000, Petitioner was returned to State authorities via return writ. (Id., p. 11.) On May 10, 2000, Petitioner was released to Sandusky County, Ohio, based on pending Bank Robbery charges committed on November 25, 1997. (Id., p. 2.) On May 12, 2000, the State of Ohio sentenced Petitioner to a term of six to fifteen years for Aggravated Robbery. (Id.) On June 1, 2009, Petitioner was released from his State sentence into the custody of the United States Marshal Service to commence service of his federal sentence. (Id., pp. 21 - 23.)

On March 5, 2012, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id.) Specifically, Petitioner appears to contend that the BOP is improperly denying him Federal credit for the time he served in State custody. (Id.) Specifically, Petitioner states that the "State Judge ran his State sentence concurrent to the federal sentence already in place and the federal officials were required under principles of comity to acknowledge and give effect to the concurrent sentence imposed upon him." (Id., p. 2.) Petitioner contends that "[o]n February 25, 1998, petitioner was serving the remainder of his parole violation." (Id., p. 7.) Petitioner asserts that the "State Judge ran his sentence concurrent with his federal time." (Id., pp. 4 - 5, 7.) Petitioner contends that "the first arresting sovereign in this case, Sandusky County, Ohio, effectively waived its physical custody of petitioner." (Id., p. 3 and 7.) Petitioner states that "[o]n July 30, 1999, the USMS transferred petitioner pursuant to a writ of habeas corpus ad prosequendum." (Id., p. 7.) Petitioner, therefore, argues that federal authorities were vested with primary custody on March 22, 2000, when he was sentenced to 170 months by United States District Court for the Eastern District of Michigan. (Id.) Petitioner, therefore, concluded that he is entitled to *habeas* relief. (Id., p. 9.)

In support of his Petition, Petitioner attaches the following: (1) A copy of Petitioner's "Inmate Skills Development Plan" dated July 20 and 23, 2010 (Document No. 1-1, pp. 1 - 2.); and (2) A copy of a letter addressed to Petitioner from the United States District Court for the Eastern District of Michigan dated October 7, 2009 (Id., pp. 3 - 4.).

By Order entered on November 27, 2012, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of

3

*Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 8.) On January 2, 2013, Respondent filed her Response to the Order to Show Cause. (Document No. 10.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's federal sentence commenced on June 1, 2009" (Id., pp. 3 - 5.); (2) A nunc pro tunc designation is not appropriate (Id., pp. 5 - 6.); and (3) "Petitioner is not entitled to prior custody credit" (Id., pp. 6 - 7.).

In support, Respondent attaches the following Exhibits: (1) The Declaration of Harry Davis, Management Analyst (Document No. 10-1.); (2) A copy of the Ohio State DOC Offender Tracking Portal (Document No. 10-2, pp. 2 - 5.); (3) A copy of Petitioner's Presentence Investigation Report as filed in Case No. 99-cr-80737 (Document No. 11.); (4) A copy of the BOP Jail Credit Tracking Memorandum (Document No. 10-2, p. 8.); (5) A copy of the U.S. Marshals Service Form 129 (Id., pp. 10 - 11.); (6) A copy of Petitioner's Judgment Order as filed in Case No. 99-cr-80737 (Id., pp. 13 - 19.); (7) A copy of SENTRY "Sentence Monitoring Computation Data As of 12-06-2012" (Id., pp. 21 - 23.); and (8) A copy of the nunc pro tunc consideration document concerning Petitioner (Id., p. 25.).

On May 13, 2013, Petitioner filed his Reply to Respondent's Response. (Document No. 18.) First, Petitioner argues that the BOP improperly considered him for nunc pro tunc designation. (Id., pp. 4 - 5.) Petitioner states that if the sentencing judge had been contacted by the BOP, "I'm sure Chief Judge Gerald E. Rosen . . . would of responded." (Id., p. 5.) Second, Petitioner argues that he is "entitled to credit for the time served from the date he was sentenced (3/22/2000) until the present." (Id., pp. 6 - 7.)

As Exhibits, Petitioner attaches the following: (1) A copy of the "Rejection Notice" dated

April 28, 2011, from the Administrative Remedy Coordinator at FCI McDowell (Id., pp. 8 - 9.); (2) A copy of the "Receipt - Administrative Remedy dated May 16, 2011, from the Administrative Remedy Coordinator at FCI McDowell (Id., p. 10.); (3) A copy of Warden E.K. Cauley's Response to Petitioner's Request for Administrative Remedy dated May 20, 2011 (Id., p. 11.); (4) A copy of Regional Director C. Eichenlaub's Response dated August 17, 2011 (Id., p. 12.); and (5) A copy of Petitioner's "Inmate Skills Development Plan" dated October 23, 2012 (Id., p. 13.)

## ANALYSIS

**A.    Petitioner's Federal sentence did not commence until June 1, 2009.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). In the instant case, State authorities arrested Petitioner on February 4, 1998. Accordingly, State authorities obtained primary jurisdiction on February 4, 1998. On February 25, 1998, Petitioner's State parole was revoked and Petitioner was sentenced to the remainder of his original 15 year term for Robbery. Petitioner was then temporarily transferred into Federal custody on July 22, 1998, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges. On August 13, 1998, Petitioner was returned to State authorities via a return Writ. Petitioner was again temporarily transferred into Federal custody on August 9, 1999, pursuant to a Writ of *Habeas Corpus ad*

5

*Prosequendum* for proceedings upon his Federal charges and sentenced on March 22, 2000, to a 170-month term of imprisonment. On April 14, 2000, Petitioner was returned to State authorities via a return Writ. On May 10, 2000, Petitioner was released to Sandusky County, Ohio, based on pending Bank Robbery charges and sentenced on May 12, 2000, to a term of six to fifteen years. Petitioner's Federal sentence commenced on June 1, 2009, the day he was released to Federal custody. Petitioner argues that the BOP should have awarded him credit for the time he served in State custody in order to effectuate the State Judge's determination that his Federal and State sentences should run concurrently. It is well recognized, however, that "a determination as to concurrence of sentence made by one sovereign does not bind the other." Jake v. Hershberger, 173 F.3d 1059, 1065 (7th Cir. 1999); Also see Gibson v. Murray, 2006 WL 2668528 * 4 (W.D.Pa. Sep. 14, 2006)(stating that "[w]hile the federal court had the authority to order petitioner's federal sentence to run concurrently with his state sentence, the court order cannot require Pennsylvania authorities to run his Pennsylvania sentence concurrently with his federal sentences"); Piercy v. Black, 801 F.2d 1075, 1078 (8th Cir. 1986)(stating that "one state cannot control the manner in which another state administers its criminal justice system"); United States v. Miller, 49 F.Supp.2d 489, 494 - 495 (E.D.Va 1999)(stating that "a state court cannot unilaterally impose a concurrent sentence between a federal and state court"). A State, therefore, may not compel the Federal government to run Petitioner's Federal sentence concurrently with his State sentence. Accordingly, Petitioner's Federal sentence did not commence until June 1, 2009, the day he was released into Federal custody.

**B.    Petitioner was properly considered for nunc pro tunc designation.**

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a federal sentence to begin to run while an inmate is in State custody. See

United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Title 18 U.S.C. § 3621(b) provides as follows:

> **(b) Place of imprisonment.** The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
>
>> **(1)** the resources of the facility contemplated;
>>
>> **(2)** the nature and circumstances of the offense;
>>
>> **(3)** the history and characteristics of the prisoner;
>>
>> **(4)** any statement by the court that imposed the sentence --
>>
>>> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>>
>>> **(B)** recommending a type of penal or correctional facility as appropriate; and
>>
>> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Although the BOP must consider an inmate's request for a nunc pro tunc designation, the BOP is not obligated to grant the designation. See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).

Based upon a review of the record, the Court finds that the BOP appropriately considered Petitioner for nunc pro tunc designation. The BOP contacted the federal sentencing Court concerning its position as to nunc pro tunc designation. The Federal sentencing judge, however,

failed to respond. Upon consideration of the criteria set forth in Section 3621(b), the BOP completed a "Factors Under 18 USC 3621(b) Worksheet" denying Petitioner's request for nunc pro tunc designation. (Document No. 10-2, p. 25.) The Worksheet reveals that nunc pro tunc designation was denied based upon "the nature and circumstances of the offense" and "the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history)."[3] (Id.) Based on the foregoing, the undersigned finds that the BOP appropriately considered Petitioner's request for nunc pro tunc designation.

**C.     Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

**(1)** as a result of the offense for which the sentence was imposed; or

**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112

---

[3] The Operations Manager recommended that nunc pro tunc designation be denied based on the following:

> State sentence was for separate, unrelated robbery. J&C is silent and no response has been received from the Court. Inmate has a lengthy and violent criminal history. Approval would result in immediate release. Recommend denial and continue to 2021 release date.

The Section Chief recommended denial based "upon factors two, three and four." (Document No. 10-2, p. 25.)

S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to receive prior custody credit. Petitioner is seeking Federal credit for time served in State custody following his Federal sentencing by the Eastern District of Michigan (March 22, 2000) through June 1, 2009 (the day he was released to Federal authorities). Petitioner received credit towards his State sentence for the time period of March 22, 2000 (date of his Federal sentencing), through June 1, 2009 (date he completed his State sentence). The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for March 22, 2000, through June 1, 2009.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 25, 2013.

R. Clarke VanDervort
United States Magistrate Judge