```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

**JAMES DENNIS PRICE,**

    **Plaintiff,**

**v.**                                              **CIVIL ACTION NO. 1:12-0646**

**KAREN HOGSTEN, Warden,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendation ("PF&R").  Magistrate Judge VanDervort submitted his proposed findings and recommendation on September 25, 2013.  In that Proposed Findings and Recommendation, the magistrate judge recommended that this court dismiss plaintiff's application for Writ of Habeas Corpus and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover,

this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner filed objections to the Proposed Findings and Recommendation on November 21, 2013. Because petitioner filed his objections timely, this court has conducted a de novo review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II. Analysis

On March 5, 2012, plaintiff filed an Application for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. In that filing, he asserted that the Bureau of Prisons ("BOP") is improperly calculating his term of imprisonment. Specifically, Price wants to receive credit for time he spent in state custody prior to commencing his federal sentence. Magistrate Judge VanDervort concluded that 1) Price's federal sentence did not commence until June 1, 2009, the day he was released to federal custody; 2) the BOP properly considered Price's request for nunc pro tunc designation; and 3) Price is not entitled to credit for time served in state custody on his

federal sentence.  In his objections, Price asks this court to find that a nunc pro tunc designation is appropriate under the facts and circumstances of this case.

"A federal sentence does not commence until the Attorney General receives the defendant into her `custody' for service of that sentence."  United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody. . . ."); see also United States v. Pungitore, 910 F.2d 1084, 1119 (3d Cir. 1990) ("a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served").[1]  "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence."  Evans, 159 F.3d at 911-12.

In deciding whether to make a nunc pro tunc designation, the BOP is guided by 18 U.S.C. § 3621(b), which provides as follows:

---

[1] Price's claim that he is entitled to nunc pro tunc designation because his federal sentence was imposed prior to his state sentence is without merit.  The record makes clear Price's federal sentence did not commence until June 1, 2009.  Any time spent in federal custody prior to that date was via a writ of habeas corpus ad prosequendum and was merely a "loan" of Price to federal authorities.  United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008).

3

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
>> (1) the resources of the facility contemplated;
>>
>> (2) the nature and circumstances of the offense;
>>
>> (3) the history and characteristics of the prisoner;
>>
>> (4) any statement by the court that imposed the sentence-
>>
>>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>>
>>> (B) recommending a type of penal or correctional facility as appropriate; and
>>
>> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); Trowell v. Beeler, 135 F. App'x 590, 594 (4th Cir. 2005). As our appeals court has noted, "Section 3621(b) grants BOP wide latitude in selecting the place of a federal prisoner's confinement. . . ." Id. at 593.

Although the BOP must consider a prisoner's nunc pro tunc designation request, it is not obligated to grant such a request. Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991); see also Trowell, 135 F. App'x at 595 (holding that the BOP "must exercise

its own independent judgment, taking into account all applicable factors in § 3621(b), including the views of the sentencing court"). The BOP's decision is reviewed for an abuse of discretion. See Trowell, 135 F. App'x at 593. Its decision in this regard is "entitled to a presumption of regularity and will not be disturbed in the absence of clear evidence to the contrary or abuse of discretion." Loveless v. Ziegler, Civil Action No. 5:11-cv-00991, 2012 WL 3614315, *7 (S.D.W. Va. Aug. 21, 2012).

As Magistrate Judge VanDervort noted, the BOP properly considered Price's request for nunc pro tunc designation. Price does not point to any specific error in the BOP's consideration of the § 3621(b) factors but, rather, he simply objects to its ultimate decision to deny nunc pro tunc designation. However, given the wide discretion accorded to the BOP in making such determinations, see McCarthy v. Warden, 544 F. App'x 52, 54 (3d Cir. 2013), Price is not entitled to habeas relief. The record reflects that the BOP did review Price's request under the five factors stated in § 3621(b), and denied his request based upon the nature and characteristics of the offense of conviction, the history and characteristics of the prisoner, and the silence of the sentencing court regarding how the sentence should be served.[2] Any argument that the BOP should have considered the wishes of

---

[2] The BOP sent the federal sentencing judge a letter regarding Price's request for nunc pro tunc designation and the court did not respond. See Doc. No. 10, Exhibit 2.

the state sentencing court is without merit, as "neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently."  Barden, 921 F.2d at 478 n. 4 (citing U.S. Const. art. VI, cl. 2).  Accordingly, Price's objections are without merit and hereby OVERRULED.

### III.  Conclusion

For the reasons expressed above, the court hereby OVERRULES plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation.  Accordingly, the court DISMISSES plaintiff's application for Writ of Habeas Corpus and DIRECTS the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 27th day of October, 2014.

                ENTER:

                David A. Faber
                Senior United States District Judge